

JAN - 4 2008
JAN-4, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| LEO PRIETO, individually and<br>on behalf of all others<br>similarly situated<br><br>        Plaintiff,<br><br>    v.<br><br>TCF NATIONAL BANK and TCF FINANCIAL<br>CORPORATION<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**08CV74**
**JUDGE LEFKOW**
**MAG. JUDGE COLE**

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff LEO PRIETO ("Prieto") bring this action, individually and on behalf of all other similarly situated persons, against Defendants TCF NATIONAL BANK ("TCF") and TCF FINANCIAL CORPORATION ("TCF FINANCIAL"), and allege violations of 15 U.S.C. § 1693 *et seq*. which is commonly known as the Electronic Funds Transfer Act (the "Act"); 12 C.F.R. 205 *et seq*., commonly known as Regulation E, which contains regulations promulgated by the Board of Governors of the Federal Reserve System to implement the Act (the Act and Regulation E shall hereinafter be collectively referred to as "EFTA"); and violation of § 815 ILCS 505/2, the Illinois Consumer Fraud and Deceptive Business Practices Act.

2.    EFTA provides for, among other things, the timing and substance of specified disclosures to be given by operators of ATMs to users of ATMs.

3.    15 U.S.C. § 1693c(a)(3) and its implementing regulation, 12 C.F.R. Part 205.7(a) and (b)(4), require an ATM operator who makes any limitation on the dollar amount of transfers

on a consumer for transfer services (withdraws) to provide to the consumer, at the time the

service is provided, accurate notice of the limitation on the dollar amount of such transfers.

    4.    15 U.S.C. § 1693c(a)(3), and it implementing regulation, 12 C.F.R. Part 205.7(a)

and (b)(4), provide that the required notice regarding any limitation on the dollar amount of the

transfer shall be disclosed at the time the consumer contracts for an electronic fund transfer

service.

    5.    15 U.S.C. § 1693c(a)(3) states:

§ 1693c.  Terms and conditions of transfers

(a) Disclosures; time; form; contents. **The terms and conditions of electronic fund transfers involving a consumer's account shall be disclosed at the time the consumer contracts for an electronic fund transfer service**, in accordance with regulations of the Board. Such disclosures shall be in readily understandable language and shall include, to the extent applicable—
(3) **the type and nature of electronic fund transfers which the consumer may initiate, including any limitations on the frequency or dollar amount of such transfers**, except that the details of such limitations need not be disclosed if their confidentiality is necessary to maintain the security of an electronic fund transfer system, as determined by the Board;

(Emphasis added)

    6.    Implementing regulation, 12 C.F.R. Part 205.7(a) and (b)(4) states that in order to

comply, an ATM operator must:

§ 205.7 Initial disclosures.

(a) **Timing of disclosures**. A financial institution shall make the disclosures required by this section at the time a consumer contracts for an electronic fund transfer service or before the first electronic fund transfer is made involving the consumer's account.

(b) **Content of disclosures**. A financial institution shall provide the following disclosures, as applicable:

(4) Types of transfers; limitations. The type of electronic fund transfers that the consumer may make and **any limitations on the frequency and dollar amount of transfers**. Details of the limitations need not be disclosed if confidentiality is essential to maintain the security of the electronic fund transfer system.

(Emphasis added)

7.      This case is brought under the EFTA based upon the fact that the Defendants imposed a limitation on the dollar amount of the transfer without providing in a prominent and conspicuous manner an accurate notice as required under the Act.

8.      § 815 ILCS 505/2, the Illinois Consumer Fraud and Deceptive Business Practices Act (CFDPA), holds that any unfair or deceptive act or practice in the conduct of any trade or commerce made with intent that others rely thereon is unlawful.

9.      § 815 ILCS 505/2 states:

**§ 815 ILCS 505/2. [Unfair competition and deceptive practices]**

Sec. 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

10.     This case is brought under the CFDPA based upon the fact that the Defendants misrepresented the maximum daily withdraw limit to consumers who used Defendants' ATM machines.


## Jurisdiction and Venue

11.     This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Electronic Transfers Fund Act, 15 U.S.C. § 1693 *et seq*. and the implementing Federal Reserve Board Regulation E, 12 C.F.R. Part 205 *et seq*.

12.     This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.  In addition, Plaintiff resides in this district and Defendants transact business in this district.


## The Parties

14.    Prieto is a citizen of the State of Illinois who resides in this district.

15.    TCF is a federally chartered bank doing business in this district.

16.    TCF Financial is the holding company for TCF.

17.    TCF is an Automated teller machine operator, as that term is defined by § 205.16(a), which states: Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.


## Facts Related to Prieto

18.    On or about September 5, 2007, Plaintiff was at Osco on West 31st Street, Chicago, IL 60606 and used an ATM, machine number 98-82-34, to withdraw money.

19.    At the time Plaintiff used this ATM, the owner and operator of the ATM was Defendant, TCF National Bank, as demonstrated by Exhibit A.

20.    At the time Plaintiff used the ATM, the notices posted on the outside of the terminal indicated the fee to U.S. cardholders for using the ATM for transfer services if that card

4

was not issued by Defendants. Also posted on the outside of the ATM terminal was a notice regarding the availability of funds from deposits. There was no notice regarding any limitation on the dollar amount of transfer services, as demonstrated by Exhibits B and C.

21.     Plaintiff attempted to withdraw $500.00 from Defendants ATM terminal. After Plaintiff entered his $500.00 request, Plaintiff received a notice from Defendants indicating that Plaintiff's requested dollar amount exceeded the daily withdraw limit. The Defendants did not state the specific dollar amount that Plaintiff could withdraw, see Exhibits D and E.

22.     Plaintiff made a second attempt to withdraw money from Defendant's ATM terminal. Plaintiff attempted to withdraw $300.00. After Plaintiff entered his $300.00 request, Plaintiff received a notice from Defendants indicating that Plaintiff's requested dollar amount exceeded the daily withdraw limit. The Defendants did not state the specific dollar amount that Plaintiff could withdraw, as demonstrated by F and G.

23.     Plaintiff made a third attempt to withdraw money from Defendant's ATM terminal. Plaintiff attempted to withdraw $200.00. Plaintiff was able to withdraw $200.00; however, the Defendants did not state the specific dollar amount that Plaintiff could withdraw. Defendants charged Plaintiff $2.00 for this transfer service, see Exhibits H, I and J.

24.     Plaintiff then withdrew an additional $200.00. Defendants once again failed to state the specific dollar amount that Plaintiff could withdraw and charged Plaintiff $2.00 for this second transfer service, as demonstrated by Exhibit K.

25.     Plaintiff then withdrew and additional $200.00. Defendants once again failed to state the specific dollar amount that Plaintiff could withdraw and charged Plaintiff $2.00 for this third transfer service, as demonstrated by Exhibit L.

26.    Despite Defendants' notice to Plaintiff that a $500.00 withdraw exceeded Plaintiff's maximum daily withdraw limit, Plaintiff withdrew a total of $600.00 from Defendants' ATM terminal.

27.    Despite Defendants' notice to Plaintiff that a $300.00 withdraw exceeded Plaintiff's maximum daily withdraw limit, Plaintiff withdrew a total of $600.00 from Defendants' ATM terminal.

28.    Defendants charged Plaintiff a total of $6.00 for these transfer services.


**Others have been denied notice and continue to be denied notice of Defendants' limitation on the withdraw of money**
**Others have been given misinformation by Defendants as to the daily maximum withdraw permitted**
**Others have been assessed multiple fees and continue to be assessed multiple fees for transfer services**

29.    Defendants are the automated teller machine operators of numerous ATMs throughout Illinois, Minnesota, Michigan, Indiana, Wisconsin, Colorado and Arizona, which are at issue in this case.  Defendants are the automated teller machine operators of at least one hundred and fifty (150) ATMs in the city of Chicago, Illinois.

30.    Numerous other customers have been denied notice of Defendants withdraw limitations.

31.    Numerous other customers have been given misinformation by Defendants as to the daily maximum withdraw permitted.

32.    Numerous others have been charged multiple fees by Defendants for the withdraw of money from Defendants' ATM terminals.

33.    Since at least October 16, 2005, until September 5, 2007, Defendants have failed to give consumers notice of the withdraw limitation, given consumers misinformation

6

concerning the maximum daily withdraw amount, and charged consumers multiple fees for transfer services from Defendants' ATMs.

35.    On information and belief, before October 16, 2005, and after September 5, 2007, through to the present filing date of this complaint, Defendants have assessed thousands of multiple fees on consumers through their ATM terminals by failing to give notice of Defendants limitation on withdraw amounts and by giving consumers misinformation as to Defendants' maximum daily withdraw amount.

36.    On information and belief, since September 5, 2007, through to the present filing date of this complaint, Defendants have not changed their business practices.

37.    On information and belief, Defendants own and operate other ATMs which fail to give notice of the withdraw limitation, give consumers misinformation concerning the maximum daily withdraw amount, and charge consumers multiple fees.


## COUNT I
### Violation of 15 U.S.C. § 1693 *et seq.*
### and 12 C.F.R. 205 *et seq.*

38.    Plaintiff realleges the allegations contained in paragraphs 1 through 37 of this Complaint.

39.    Plaintiff brings this action against Defendants on behalf of himself and a national class of similarly situated persons who: 1) were not provided notice of Defendants withdraw limitation, 2) were provided with misinformation regarding the maximum daily withdraw permitted; and 3) were charged multiple fees by Defendants.

## COUNT II
### Violation of § 815 ILCS 2/505

40.     Plaintiff realleges the allegations contained in paragraphs 1 through 37 of this Complaint.

41.     Plaintiff brings this action against Defendants on behalf of himself and a national class of similarly situated persons who: 1) were not provided notice of Defendants withdraw limitation, 2) were provided with misinformation regarding the maximum daily withdraw permitted; and 3) were charged multiple fees by Defendants.

### Class Action Allegations

42.     Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the class consists of thousands of persons and is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.  Plaintiff does not know of the approximate number of class members because such information is in the exclusive control of Defendants.

43.     Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, including:

(a)     Whether under 15 U.S.C. § 1693c(a)(3) and 12 C.F.R. 205.7(a) and (b)(4) the Defendants were, at all relevant times during the class period, an automated teller machine operator who imposed fees on consumers for providing host transfer services to consumers; and

(b)     Whether Defendants complied, at all relevant times during the class period, with the notice requirements of 15 U.S.C. § 1693c(a)(3) and 12 C.F.R. 205.7(a) and (b)(4).

8

44.    Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the Plaintiff's claims are typical of the claims of the proposed class. The facts that show the claims advanced by Plaintiff are typical of the claims of each member of the class are as follows:

(a)    Plaintiff and all members of the proposed class used an ATM operated by Defendants.

(b)    To the extent those ATMs did not properly provide notice as required by 15 U.S.C. § 1693c(a)(3) and 12 C.F.R. 205.7(a) and (b)(4), the multiple fees charged by Defendants would be unauthorized and subject to disgorgement, making the circumstances of the class members typical to those of Plaintiff.

45.    Under Rule 23 of the Federal Rules of Civil Procedure, a class action is appropriate and preferable in this action because the Plaintiff has hired counsel able and experienced in class action litigation and because Plaintiff himself will fairly and adequately protect the interests of the class.

46.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

47.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because there would be enormous economies to the court and the parties litigating the common issues on a class-wide basis instead of a repetitive individual basis.

48.    Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because the size of each proposed class member's claim for actual damages is too small to make individual litigation an economically viable alternative.

49.     Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because class treatment is desirable for optimal deterrent effect, compensation for wrongdoing, and for limiting court-awarded reasonable legal expenses incurred.

50.     Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because, despite the relatively small size of the individual claims, their aggregate value, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation.

51.     Certification is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because no unusual difficulties will likely be encountered in the management of this class in that all questions of law or fact to be litigated at the liability stage are common to the class and all compensatory relief issues are concomitant with the liability finding and can be calculated by automated and objective means.

## Substantive Violations

52.     15 U.S.C. § 1693c(a)(3) provides that any automated teller machine operator who offers transfer services to consumers must do so according to certain terms and conditions. Subparagraph (a) requires that:

    (i)     the terms and conditions of electronic fund transfers involving a consumer's account be disclosed at the time the consumer contracts for an electronic fund transfer service, and

    (ii)    such disclosures be in readily understandable language and include,

        (3)    the type and nature of electronic fund transfers which the consumer may initiate, including any limitations on the frequency or dollar amount of such transfers.

53.     Implementing regulation, 12 CFR Part 205.7(a) and (b)(4) states that in order to comply, an ATM operator shall:

(i)     make the disclosures required by this section at the time a consumer contracts for an electronic fund transfer service or before the first electronic fund transfer is made involving the consumer's account, and

(ii)    provide the following disclosures, as applicable:
        (4) The type of electronic fund transfers that the consumer may make and any limitations on the frequency and dollar amount of transfers.

54.     The Illinois Consumer Fraud and Business Practices Act, § 815 ILCS 2/505, states that any unfair or deceptive act or practice in the conduct of any trade or commerce made with intent that others rely thereon is unlawful.

55.     Under EFTA and Regulation E, Defendants are automated teller machine operators who provided host transfer services at all relevant times to this action.

56.     Defendants failed to comply with the notice requirements of EFTA and Regulation E in connection with providing such services to Plaintiff and all proposed class members.

57.     Under EFTA and Regulation E, Defendant was prohibited from providing host transfer services because Defendants failed to provide the proper notice required under EFTA and Regulation E.

58.     Under the Illinois Consumer Fraud and Business Practices Act, Defendant was prohibited from misrepresenting to consumers the maximum daily withdraw permitted.

59.     Plaintiff and all proposed class members have suffered damages as a result of Defendants' violations of EFTA and Regulation E in that they failed to give proper notice to consumers regarding the limitations on the withdraw amount, gave misinformation to consumers regarding the maximum daily withdraw amount permitted, and charged consumers multiple fees not properly disclosed in compliance with the EFTA and Regulation E.

11

60.    15 U.S.C. § 1693m provides that Defendants shall be liable to Plaintiff and all proposed class members for violations of 15 U.S.C. 1693 et seq. in the amount of actual damages incurred, statutory damages, and the costs of bringing this action, together with reasonable attorneys' fees as determined by the court.

61.    Illinois common law provides that a Plaintiff can recover damages when the injury incurred is a direct and proximate result of an alleged violation of the Consumer Fraud and Deceptive Business Practices Act.

62.    In this case, the entire amount of the improperly disclosed transaction fees charged to the class should be disgorged, the value of which can be easily determined by a ministerial review of Defendants' records.

**WHEREFORE**, Plaintiff and the proposed class members respectfully request that this Court grant the following relief:

(A)    Enter a judgment that the acts and practices of Defendants complained of herein are in violation of EFTA and Regulation E and the Illinois Consumer Fraud and Deceptive Business Practices Act;

(B)    Order Defendants to give consumers notice of limitations on the withdraw of money, give consumers accurate information concerning the maximum daily withdraw amount and enjoin Defendants from charging consumers multiple fees;

(C)    Award damages to Plaintiff and the class members as set forth in EFTA and Regulation E and under Illinois common law;

(D)    Award Plaintiff all their reasonable costs and fees in bringing this action; and

(E)    Grant Plaintiff and the class members such other and further relief as this Court finds just and proper.

Respectfully submitted,

By: _____
One of Plaintiff's Attorneys

12











EXHIBIT

F & G



EXHIBIT

H & I

MIDWEST PAYMENT SYST

9/05/07      2:07 PM
******7010
98-82-34

BALANCE ON THIS
ACCT     $1331.06

CASH WITHDRAWAL
FROM CHECKING    $200.00
ACCESS FEE         $2.00
TOTAL            $202.00

ACCESS FEE PAID TO
TCF BANK
07464

**EXHIBIT**
**J**



MIDWEST PAYMENT SYST

9/05/07      2:11 PM
******7010
98-82-34

BALANCE ON THIS
ACCT      $927.06

CASH WITHDRAWAL
FROM CHECKING    $200.00
ACCESS FEE         $2.00
TOTAL            $202.00

ACCESS FEE PAID TO
TCF BANK
10305



MIDWEST PAYMENT SYST

9/05/07      2:09 PM
******7010
98-82-34

BALANCE ON THIS
ACCT     $1129.06

CASH WITHDRAWAL
FROM CHECKING    $200.00
ACCESS FEE         $2.00
TOTAL            $202.00

ACCESS FEE PAID TO
TCF BANK
09126